# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1008V
UNPUBLISHED

| | |
|---|---|
| VICTOR JOHNSON,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: April 7, 2022<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Onset; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING TABLE CASE[1]

On August 13, 2020, Victor Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that a flu vaccine he received on September 20, 2017, caused him to suffer the Table injury of "Shoulder Injury Related to Vaccine Administration" ("SIRVA"). Petition filed August 13, 2020, ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU").

---

[1] Because this unpublished fact ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the fact ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.     **Relevant Procedural History – Order to Show Cause**

Respondent filed his Rule 4(c) Report on October 18, 2021, setting forth objections to compensation in this case. ECF No. 23. In sum, Respondent asserted that Petitioner could not meet three of the four QAI requirements for a Table case, because (a) Petitioner's pain was not limited to the shoulder in which he received the vaccine, (b) Petitioner's medical records do not document that he suffered shoulder pain within 48 hours of his vaccination; and (c) Petitioner's medical records document another condition, carpal tunnel syndrome, that could explain his symptoms. *Id*. at 7-9 (citing 42 C.F.R. § 100.3(c)(10)). Respondent, further argued that Petitioner could not meet the evidentiary requirements for a causation-in-fact, non-Table claim and therefore his claim should be dismissed in the entirety. *Id.* at 9-10.

On October 25, 2021, I issued an Order to Show Cause, as it appeared based upon my review that at a minimum Petitioner would not be able to establish a Table SIRVA claim, and therefore, I would likely dismiss his Table claim. ECF No. 24. But I also advised Petitioner that he might be able to establish an off-Table or causation in-fact claim, and that if he wished to proceed with causation-in-fact claim he should file an amended Petition.

On November 23, 2021, Petitioner filed an Amended Petition, alleging a "Non-Table" SIRVA claim, and a Status Report in response to my Order to Show Cause, indicating that Petitioner "consent[s] to the dismissal of his Table SIRVA case" and "plans to proceed with a non-Table SIRVA claim." ECF Nos. 25-26. Respondent has stated he has no objection to the dismissal of Petitioner's Table Claim, obviating the need for a reply brief. *See* Informal Communication dated December 21, 2022.

II.    **Analysis and Findings of Fact**

The criteria for establishing a Table SIRVA are as follows:

Shoulder injury related to vaccine administration (SIRVA). SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc.). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction

studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
(ii) Pain occurs within the specified time-frame;
(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
(iv) No other condition or abnormality is present that would explain the patient's symptoms (*e.g.* NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10).

As explained in my Order to Show Cause, at a *minimum*, Petitioner cannot establish that he suffered a Table SIRVA injury, given that his post-vaccination arm pain was not limited to his shoulder, but was consistently described as including: numbness in his fingers and hands, and paresthesia of the right upper extremity. *See, e.g.*, Ex. 2 at 45, 49; Ex. 4 at 6; Ex. 5 at 32, 60. Additionally, Petitioner has offered no additional evidence or argument to the contrary and has consented to the dismissal of his Table SIRVA claim. ECF No. 26.

**Accordingly, for the above stated reasons I find[3] that Petitioner has failed to demonstrate the Table requirements for SIRVA (42 C.F.R. § 100.3(c)(10)), and hereby dismiss Petitioner's Table SIRVA claim.**

### III. Transfer from SPU

In light of the instant ruling, I will proceed with transferring Petitioner's case out of SPU and will randomly reassign the case to a special master to conduct further proceedings to establish whether Petitioner has demonstrated an off-Table case for SIRVA.

---

[3] I make these findings after a complete review of the record, including all medical records, affidavits, and all other additional evidence and filings from the parties.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
