# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1008V
**Filed: April 8, 2024**
UNPUBLISHED

| | |
|---|---|
| VICTOR JOHNSON,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Parisa Tabassian, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

On August 13, 2020, Victor Johnson, "petitioner," filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner filed an amended petition on November 23, 2021. (ECF No. 25.) Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine he received on September 20, 2017. (ECF Nos. 1, 25.)

On December 20, 2023, a ruling on entitlement was issued, finding petitioner entitled to compensation. On April 8, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $65,000.00. (ECF No. 52, p. 2.) In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $65,000.00 in the form of a check payable to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

VICTOR JOHNSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 20-1008V
Special Master Daniel T. Horner
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 13, 2020, Victor Johnson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"), alleging that as a result of receiving the influenza ("flu") vaccine in his right shoulder on September 20, 2017, he suffered a shoulder injury related to vaccine administration ("SIRVA").  ECF No. 1.  On October 18, 2021, respondent filed his Rule 4(c) Report recommending against compensation because petitioner had not established a Table[1] SIRVA claim.  ECF No. 23.  On November 23, 2021, petitioner filed an amended petition asserting a non-Table claim.  ECF No. 25 at 1.  The court dismissed petitioner's Table claim from the initial petition for compensation, allowing the case to proceed with a causation-in-fact, off-Table claim, on April 7, 2022.  ECF No. 28.

On December 20, 2023, the Court issued a Ruling on Entitlement finding that petitioner is entitled to compensation.[2]  ECF No. 44.  Respondent now files this proffer regarding the

---

[1] The Vaccine Injury Table is located at 42 C.F.R. § 100.3.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer,

1

amount of damages to be awarded.

**I.      Items of Compensation**

Respondent proffers that petitioner should be awarded $65,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[3]: a lump sum payment of $65,000.00, in the form of a check payable to petitioner.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Victor Johnson:            **$65,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 20, 2023, entitlement decision.

[3]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

          LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*s/ PARISA TABASSIAN*
PARISA TABASSIAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4035
Parisa.Tabassian@usdoj.gov

Dated: April 8, 2024